96 F.3d 1450
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Saul ORNELAS, Ismael Ornelas-Ledesma, Defendants-Appellants.
 Nos. 94-3349, 94-3350.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 26, 1996.
Decided Sept. 4, 1996.
 
 Before POSNER, Chief Judge, and FLAUM and MANION, Circuit Judges.
 
 ORDER
 
 1
 This case is before us on remand from the Supreme Court. The defendants were convicted of federal drug offenses, and appealed. In United States v. Ornelas-Ledesma, 16 F.3d 714 (7th Cir.1994), familiarity with which we assume, we vacated the defendants' convictions and remanded the case to the district court for a determination as to whether Officer Luedke's testimony that the panel behind which he had found the drugs was loose when he inspected the interior of the defendants' car should be believed. "If it is believed, the district court must decide whether the loose panel, in conjunction with the NADDIS tips as corroborated by the circumstances that first aroused Officer Pautz's suspicions, adequately established probable cause to believe that drugs were concealed behind the panel." Id. at 722. On remand, the district court credited Luedke's testimony and concluded that there had been probable cause to look behind the panel. We affirmed in an unpublished order on the ground that the district court's determination of probable cause was not clearly erroneous. The Supreme Court reversed, holding that determinations of probable cause are to be reviewed de novo rather than for clear error, and remanded the case to us to make the required de novo assessment. The parties have asked us to base our review on the briefs they submitted when last the case was before this court, without oral argument. Having reviewed those briefs and the record, we conclude that, with Luedke's testimony about the loose panel credited, there was indeed probable cause to search behind the panel. As explained in our original opinion, the information that the officers had before they encountered the panel was sufficient to justify a search of the interior of the car, but not to justify the dismantling of the car. When, however, Luedke saw the loose panel, he had--given what he already knew, the suspicions set forth at length in our original opinion--enough reason to believe that the panel had been pried loose in order to enable drugs to be concealed behind it to create probable cause for the further search. In short, our de novo review convinces us that there was probable cause and therefore that the judgments must again be, and they are,
 
 
 2
 AFFIRMED.